**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RONALD WAYNE EDMOND, #579280,**<br>**Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:08-CV-2041-K** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,**<br>**Texas Department of Criminal Justice,**<br>**Correctional Institutions Div.,**<br>**Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief submitted by a state prisoner.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Estelle Unit in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case: This is Petitioner's fifth habeas action in this court relating to his Dallas County forgery convictions in the 363rd Jud. Dist. Court, in Cause Nos. F90-30594 and

F91-56810. The court dismissed two actions for want of prosecution, *see Edmond v. Quarterman*, Nos. 3:07cv0821-L, and 3:08cv1396-M, and one action for failure to exhaust state court remedies, *see Edmond v. Quarterman*, 3:07cv0852-D. The fourth action remains pending. *Edmond v. Quarterman*, No. 3:08cv1471-B (referred to Mag J. Stickney for screening).[1]

As related by the Texas Attorney General's Office in No. 3:07cv852-D, Petitioner pled guilty to forgery on March 6, 1990 in No. F90-30594, and was placed on ten years deferred adjudication probation. His probation was revoked as a result of a second forgery charge (Cause No. F91-056810). On January 24, 1991, the trial court adjudicated Petitioner guilty of the first forgery and sentenced him to twenty years in prison. Subsequently, on February 14, 1991, Petitioner pled guilty to the second forgery and the court sentenced him to twenty-five years in prison, to run concurrently with his first forgery conviction. *See* Cause No. F91-56810. He did not appeal either of his forgery convictions.

In late 2008, Petitioner filed two art. 11.07 applications challenging each of his forgery convictions. *See* Attached Judicial Information for Nos. W90-30594-B (filed Oct. 1, 2008), and

---

[1] After the filing of this action, the district court sanctioned Petitioner, barring him from proceeding *in forma pauperis* (IFP) in any future habeas action in light of his persistent unwillingness to comply with procedural filing requirements, in particular the submission of a proper request to proceed IFP or the payment of the $5.00 filing fee. *See* December 8, 2008 judgment in No. 3:08cv1396-M. The judgment warned Petitioner that "if he continues to engage in abusive litigation practices or files another successive habeas petition without first obtaining leave from the Fifth Circuit Court of Appeals, he will be subject to additional sanctions . . . ." (*See* December 8, 2008 judgment in No. 3:08cv1396-M).

It is unclear whether successiveness applies in whole or in part to the petition in this case. In the December 8 sanction order, the court relied on *Edmond v. Quarterman*, No. H-07-3298, 2007 WL 4017199 (S.D. Tex. Nov. 15, 2007), which concluded in part that Petitioner had challenged his parole revocation in this court in *Edmond v. Quarterman*, No. 3:07cv821 (N.D. Tex.), and that he had not sought leave to file a successive petition from the Fifth Court. However, a review of No. 3:07cv821 reflects that it was dismissed without prejudice for want of prosecution.

W91-56810-A (filed Sep. 30, 2008). The Texas Court of Criminal Appeals recently denied both applications without written order. *See Ex parte Edmond*, Nos. WR-42,050-04 (denied Nov. 5, 2008), and WR-42,050-05 (denied Dec. 3, 2008), available at http://www.cca.courts.state.tx.us /opinions/Case.asp?FilingID=262643 and =263816.

On November 12, 2008, Petitioner filed this federal petition.[2] He appears to challenge the guilty plea, probation revocation (which he refers to as parole revocation), and sentencing in his first forgery case. He also appears to challenge the guilty plea and sentencing in his second forgery case. In four grounds, he alleges as follow: (1) the prosecution failed to advise Petitioner about evidence favorable to him; (2) he received ineffective assistance of counsel during the guilty plea proceedings; (3) he was denied the right to appeal his convictions and sentences, and (4) he should have been appointed a capable attorney during the state court proceedings. (Pet. at 7-8).[3]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); Rule 4 of

---

[2] Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here the petition is signed as of November 12, 2008, the same date on which it was filed in this court. Absent additional information, the court is bound by that date. Nevertheless, the long delays in this case would render irrelevant any benefit of the mailbox rule.

[3] The petition also appears to challenge unspecified disciplinary proceedings. (Pet. at 2). However, Petitioner has failed to provide sufficient information to permit the court to assess his disciplinary claims. This conforms with his conduct in prior cases. *See* November 21, 2008 findings, conclusions and recommendation in No. 3:08-CV-1396-M, accepted by the district court, detailing Petitioner's repeated failures to comply with court orders and imposing sanctions against Petitioner.

the Rules Governing § 2254 proceedings (West 2009) (requiring a district court to dismiss a § 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

On March 13, 2009, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner's response, filed on March 20, 2009, is nearly incomprehensible. Nonetheless, reading it as liberally as possible, it fails to present any basis for statutory or equitable tolling.

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting his grounds became or could have become known prior to the date on which Petitioner's deferred adjudication probation and subsequent forgery convictions became final. Therefore, the court calculates the one-year limitations period under

subparagraph (A) from the date his deferred adjudication and subsequent convictions became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's deferred adjudication probation became final at the very latest on April 5, 1990, thirty days after he pled guilty to the first forgery case and the court deferred adjudicating his guilt. *See Caldwell v. Dretke*, 429 F.3d 521, 526-30 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006) (holding that an order of deferred adjudication probation following a guilty plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review).

On January 24, 1991, the trial court revoked Petitioner's probation, adjudicated him guilty in the first forgery case, and sentenced him to twenty years imprisonment. Petitioner did not appeal. His conviction, thus, became final on February 23, 1991, the last day on which he could have filed a timely notice of appeal from the judgment of conviction.

On February 14, 1991, the trial court sentenced Petitioner to twenty-five years imprisonment in the second forgery case. He again failed to appeal. As such, his second conviction became final thirty days later on March 16, 1991.

Because the above dates preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25, 1996, through April 24, 1997, within which to seek federal habeas corpus relief. *See Flanagan v. Johnson*, 154 F.3d 196, 199-200 n.2 and 202 (5th Cir. 1998) (citing *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998)). Petitioner did not file the federal petition in this case until November 12, 2008, more than eleven years after the expiration of the one-year grace period. Statutory tolling is inapplicable because Petitioner first

filed his state habeas applications in 2008, long after the expiration of the one-year grace period. *See* 28 U.S.C. § 2244(d)(2). Therefore, all claims (whether stemming from Petitioner's underlying guilty plea or from the probation revocation and adjudication proceedings in the first forgery case, or from the second forgery case) are clearly time barred unless the one-year period is tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

It is unsurprising that Petitioner took no action to raise the claims related to the voluntariness of his guilty plea prior to the revocation of his probation. By any standard he had obtained a very favorable disposition of the criminal charge, in avoiding a prison term on his first forgery charge.

Even if Petitioner had been unaware of his appeal rights from the order placing him on probation, this is insufficient to warrant application of equitable tolling. Mere ignorance of the law is not a circumstance warranting application of equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (1999) ("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)

(“neither a plaintiff’s unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Moreover, Petitioner’s own allegations reflect that his case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *Lawrence v. Florida*, 549 U.S. at 336, 127 S.Ct. at 1085. Petitioner delayed filing his state habeas applications and this federal petition by more than eleven years after the expiration of the one-year grace period. These delays – clearly of his own making – do not constitute due diligence or rare and extraordinary circumstances warranting equitable tolling. It is well established that “equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 714, 715 (5th Cir. 1999).

The party seeking equitable tolling has the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of establishing that equitable tolling is warranted, in the exercise of discretion the District Court should refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be summarily DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4 of the Rules Governing § 2254 proceedings (West 2009).

It is further recommended that Petitioner’s motion to be released to go see doctors (Doc.

#10) be DENIED without prejudice.

A copy of this recommendation will be mailed to Petitioner.

Signed this 13th day of April, 2009.

Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENTS**